UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

CALVIN N. GILMORE,

                    Plaintiff,

    - against -

LOUIS RIVERA, Warden AMKC, NEW YORK
CITY DEPARTMENT OF CORRECTIONS,
Corrections Officer GINA REYNOLDS, Badge
#2399, Corizon Medical Service Doctor
JAYANTA RAY, M.D.,

                 Defendants.

----------------------------------------X

13 Civ. 6955 (RWS)

OPINION

A P P E A R A N C E S:

PRO SE

    CALVIN N. GILMORE
    349-1305589
    A.M.K.C. C-95
    18-18 Hazen Street
    East Elmhurst, NY 11370

ATTORNEYS FOR DEFENDANTS

    NYC LAW DEPARTMENT, OFFICE OF THE CORPORATION COUNSEL (NYC)
    100 Church Street
    New York, NY 10007
    By:  Linda Mindrutiu, Esq.

**Sweet, D.J.**

Defendants Warden Louis Rivera ("Rivera"), New York Department of Corrections ("DOC"), Corrections Officer Gina Reynolds ("Reynolds") and Corizon Medical Service Doctor Jayanta Ray ("Ray") (collectively, the "Defendants") have moved pursuant to Federal Rules of Civil Procedure 12(b) to dismiss the Complaint (the "Complaint") of *pro se* plaintiff Calvin N. Gilmore ("Gilmore" or the "Plaintiff"). Based on the conclusions set forth below, Defendants' motion is granted, and Plaintiff is granted leave to replead within 20 days.

**Prior Proceedings**

The Complaint concerns an incident that allegedly occurred on August 2, 2013 at the Anna M. Kross Center ("AMKC") on Rikers Island, East Elmhurst. (Compl. ¶ II[D].) It alleges that "serial feces thrower" inmate Roger Thomas ("Thomas") threw feces into Plaintiff's "mouth, ear and eyes" when Reynolds opened up the slot to Thomas' cell during linen exchange. (Compl. ¶ II[D].) Thomas threw feces out of the slot, some of which struck Plaintiff. (*Id.*) According to the Complaint, DOC knew that Thomas was a "feces thrower" and Reynolds and Rivera "failed to protect" Plaintiff from Thomas' conduct. (*Id.*) The Complaint alleges injuries of

1

"sever apprehension of the contraction of HIV, Hepatitis A, Hepatitis B, burning and singing of the eyes, fear of losing eye sight, emotion[al] and psyc[h]ological damage." (*Id.* ¶ III.)

According to the Complaint, Plaintiff had previously filed for an administrative remedy for the denial of medical care. (*Id.* ¶ IV.) The claim was found to contain a "non-grievable" issue. (*Id.* ¶ IV[E][2].) Although it is not clear, it appears as if Plaintiff has not appealed the decision. ((*Id.* ¶ IV[E][3].)

The Complaint is unclear as to Plaintiff's specific claims. Construed liberally, Plaintiff seems to be alleging a "failure to protect" claim. *See Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (a *pro se* litigant's complaint is entitled to liberal interpretation). The Complaint has requested for $1 million in punitive damages, $500,000 in compensatory damages and $1 million for pain and suffering.

Plaintiff filed the Complaint on September 30, 2013. On December 31, 2013, Defendants filed the instant motion to dismiss. Briefing was submitted and the matter was marked fully submitted on February 26, 2014.

**Defendants' Motion To Dismiss Is Granted**

*The Applicable Standard*

On a motion to dismiss pursuant to Rule 12(b)(6), all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993). "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims . . . .'" *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Though the Court must accept the factual allegations of a complaint as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 129 S. Ct. at 1950

(quoting *Twombly*, 550 U.S. at 555).

A *pro se* litigant's complaint is entitled to liberal interpretation and may be read as raising the strongest arguments that it suggests. *Pabon*, 459 F.3d at 248. Nevertheless, a *pro se* complaint must be dismissed if it fails to satisfy the plausibility standard set forth in *Iqbal*. *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010). Dismissal under Fed. R. Civ. P. (12)(b)(6) is also proper if an affirmative defense, or other bar to relief, is apparent from the face of the complaint. *Mac Truong v. Tran Dinh Truong*, No. 03 Civ. 3423 (PKC), 2007 U.S. Dist. LEXIS 10973, at *19 (S.D.N.Y. Feb. 5, 2007) (citing C*onopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86-87 (2d Cir. 2000)).

*Plaintiff Has Failed to State A Failure*
*To Protect Claim Against Reynolds Or Rivera*

The Complaint does not allege any specific claim, but construing it most liberally, Plaintiff has ostensibly made a failure to protect claim. The Second Circuit has held that a failure to protect claim may arise as a result of a "prison official's deliberate indifference to a substantial risk of serious harm to an inmate." *Avincola v. Maldonado*, No. 04-3529-pr, 2005 U.S. App. LEXIS 25423, at *3 (2d Cir. Nov. 22, 2005)

(quoting *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (internal quotation marks omitted)). To successfully plead a failure to protect claim, a plaintiff must show that the deprivation is so sufficiently serious that it results in a denial of "the minimal civilized measure of life's necessities," *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (citation omitted), and that the prison officials acted with a "sufficiently culpable state of mind." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (citation omitted); *Farmer*, 511 U.S. at 832 (prison officials must provide "humane conditions of confinement" and take "reasonable measures to guarantee the safety of the inmates.") (internal quotation marks and citation omitted)). Prison officials may neither deprive a prisoner of "basic human needs, *e.g.*, food, clothing, shelter, medical care, and reasonable safety," nor expose an inmate to conditions that "pose an unreasonable risk of serious damage to his future health." *Helling v. McKinney*, 509 U.S. 25, 32, 35 (1993) (citation omitted); *see also Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d. Cir. 2002); *Sharriff v. Coombe*, 655 F. Supp. 2d 274, 297 (S.D.N.Y. 2009). The deliberate indifference standard consists of both a subjective prong and an objective prong. *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994), *cert. denied*, 513 U.S. 1154 (1995); *see also Buffaloe v. Fein*, No. 12 Civ. 9469 (GBD) (AJP), 2013 U.S. Dist. LEXIS 153840, at *11 (S.D.N.Y. Oct. 24, 2013).

5

To satisfy the objective prong, plaintiff must show that the "alleged deprivation . . . in objective terms, [was] sufficiently serious." *Hathaway*, 37 F.3d at 66. The Second Circuit has defined sufficiently serious as "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Id.* "[T]he inmate must show that the risk of future harm is 'so grave that it violates contemporary standards of decency.'" *Braxton v. Nichols*, 08 Civ. 08568 (PGG), 2010 U.S. Dist. LEXIS 25652, at *11 (S.D.N.Y. Mar. 18, 2010) (quoting *Helling*, 509 U.S. at 36). Plaintiff must demonstrate that this grave harm was "actual or imminent." *Benjamin v. Fraser*, 343 F.3d 35, 51 (2d Cir. 2003); *see also Carr v. Canty*, No. 10 Civ. 3829 (JPO), 2012 U.S. Dist. LEXIS 117204, at *8 (S.D.N.Y. Aug. 16, 2012).

The "subjective element of deliberate indifference 'entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" *see Hathaway*, 99 F.3d at 553 (quoting *Farmer*, 511 U.S. at 835); *see also Cole v. Fischer*, No. 10-2548-pr, 2011 U.S. App. LEXIS 6182, at *2 (2d Cir. Mar. 25, 2011) (equating the necessary state of mind to that of "criminal recklessness"); *Whitfield v. O'Connell*, 402 F. App'x 563, 565 (2d. Cir. 2010) (same). To be found "sufficiently culpable," the prison

6

official must "know[] of and disregard[] an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 834, 837; *Ventura v. Sinha*, 379 F. App'x 1, 3 (2d. Cir. 2010).

Plaintiff has failed to demonstrate either the objective or subjective prongs of the deliberate indifference standard. For the objective prong, Plaintiff cannot establish that he was incarcerated under conditions posing a substantial risk of serious harm. A substantial risk of serious harm can be demonstrated where there is evidence of a previous altercation between a plaintiff and an attacker, coupled with a complaint by plaintiff regarding the altercation or a request by plaintiff to be separated from the attacker. *See Hopkins v. Allard*, No. 08-CV-0001 (DNH) (DEP), 2010 U.S. Dist. LEXIS 114368, at *74 (N.D.N.Y. Aug. 23, 2010) (citing *Desulma v. City of New York*, No. 98 Civ. 2078 (RMB) (RLE), 2001 U.S. Dist. LEXIS 9678, at *21 (S.D.N.Y. Jul. 6, 2001)). Plaintiff has not pled that he was intentionally "attacked" by Thomas; the Complaint does not plead that Plaintiff was the intended subject of the attack. Based on the version of the facts put forth by Plaintiff, nothing suggests that he was more than a bystander. Even if Plaintiff was the intended victim of the attack, nothing

suggests that DOC or the other Defendants would have known that Plaintiff himself was at risk. As such, Plaintiff has failed to provide the necessary evidence that he faced a substantial risk of harm and meet the objective prong of the failure to protect analysis.

Moreover, Plaintiff cannot establish that Rivera or Reynolds knew that Plaintiff faced a substantial risk of harm and disregarded that risk. Plaintiff has provided "no evidence that [the Defendants were] aware of any prior acts of violence committed against [P]laintiff or any other inmates by [Thomas]." *Hopkins*, 2010 U.S. Dist. LEXIS 114368, at *75. Nothing in the Complaint compels the conclusion that Defendants "knew of and disregarded a substantial risk of serious harm to [P]laintiff posed by" Thomas. *Id.* Plaintiff never alleges that he feared Thomas would throw feces at him, or that he informed Rivera or Reynolds of this fear, nor does he allege that he feared a feces attack would happen prior to the alleged incident. There is no evidence that Rivera or Reynolds knew of and disregarded a substantial risk of serious harm to Plaintiff from Thomas. *See, e.g.*, *Desulma*, 2001 U.S. Dist. LEXIS 9678, at *21-22 (despite prison official knowing that the plaintiff feared certain other inmates, the plaintiff had requested protective measures from the defendants, and the defendants had personally observed a verbal altercation between the plaintiff and

the attackers, the facts were "no[t] [a] reason to infer the existence of a threat of harm . . . given the lack of prior history of violence between [plaintiff] and [the attackers]").

At best, Plaintiff has alleged an unexpected incident, but unexpected incidents are insufficient to propagate a deliberate indifference claim. *See, e.g.*, *Colliton v. Gonzalez*, No. 07 Civ. 2125 (RJH) (MHD), 2011 U.S. Dist. LEXIS 29954, at *22 (S.D.N.Y. Mar. 23, 2011) (holding that "'minor injuries' from random altercations" are insufficient to make out a deliberate indifference claim); *Parris v. N.Y. State Dep't Corr. Servs.*, No. 12 Civ. 1849 (JGK), 2013 U.S. Dist. LEXIS 73407, at *13 (S.D.N.Y. May 23, 2013) ("Courts routinely deny deliberate indifference claims based on surprise attacks."). Plaintiff contends in his opposition that Rivera "fail[ed] to properly train and supervise" Reynolds, who "fail[ed] to place the proper restraints" on Thomas. However, "[t]he mere fact that a defendant possesses supervisory authority is insufficient to demonstrate liability for failure to supervise under § 1983." *Styles v. Goord*, 431 F. App'x 31, 33 (2d Cir. 2011); *see also Vogelfang v. Capra*, 889 F. Supp. 2d 489, (S.D.N.Y. 2012). Plaintiff's allegations are otherwise mere legal conclusions that would not survive a 12(b)(6) motion. *See Iqbal*, 129 S.Ct. at 1950. Similarly, Plaintiff's contends in his opposition that Rivera acted with "[d]eprived, depra[v]ed

9

indifference" and that Ray acted with deliberate indifference towards him (Pl.'s Resp. to Defs.' Mot. To Dismiss, Points II, V), but these are bare recitals of the legal standard that are mere conclusory allegations that cannot survive a motion to dismiss. *See id.* ("Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

In addition, Plaintiff's contention that Ray "failed to exact and administer or conduct any decontamination treatment" and allegation of a new injury, that his vision is worsening as a result of the alleged incident (Pl.'s Resp. to Defs.' Mot. To Dismiss, Points IV, V), were not alleged in the Complaint, and "the complaint may not be amended simply by raising new facts in opposition to [d]efendants' motion." *Tomlins v. Wappinger Falls Zoning Bd. of Appeals*, 812 F. Supp. 2d 357, 363 n.9 (S.D.N.Y. 2011). Plaintiff also contends that he did not receive a particular type of treatment following the alleged incident (decontamination), but this is different from stating that he did not receive any treatment at all. "[M]ere disagreement over proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *See Butler v. Suffolk Cnty. Corr. Facility Med. Cntr.*, No. 11 CV 1463 (JFB) (ETB), 2013 U.S. Dist. LEXIS 40493, at *21-

22 (E.D.N.Y. Mar. 22, 2013) (quoting *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)). Plaintiff's new factual allegations and claims against Ray are thus insufficient to overcome the deficiencies in his claims.

*The Complaint Has Failed To Allege Rivera and Ray Were*
*Personally Involved In A Violation Of His Rights*

        "[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). "[P]ersonal involvement is the keystone to personal liability for [a] civil rights deprivation." *Williams v. New York*, No. 80 Civ. 4717 (CSH), 1983 U.S. Dist. LEXIS 19558, at *10 (S.D.N.Y. Feb. 2, 1983). If a complaint fails to sufficiently allege a defendant's personal involvement in alleged constitutional violations, dismissal is required under Rule 12(b)(6). *Day v. Armstrong*, No. 99- 281, 2000 U.S. App. LEXIS 31029, at *3-4 (2d Cir. Nov. 30, 2000); *Walker v. City of New York*, No. 08 Civ. 10043 (KBF), 2012 U.S. Dist. LEXIS 13783, at *11 (S.D.N.Y. Feb. 2, 2012).

        The Complaint alleges that "C.O. Reynolds along with the

11

Warden failed to protect me from this inmate's devious deeds."
(Compl. ¶ II[D].) However, the Complaint does not allege that
Rivera was present during this incident or as to how Rivera failed
to protect the Plaintiff. "A defendant's status as warden or
commissioner of a prison, standing alone, is . . . insufficient to
support a finding of supervisory liability." *Walker v. Schriro*,
No. 11 Civ. 9299 (JPO), 2013 U.S. Dist. LEXIS 42551, at *51
(S.D.N.Y. Mar. 26, 2013). Given the Complaint's lack of allegations
and specificity regarding Rivera's personal involvement, the
Complaint must be dismissed against him. *See, e.g.*, *Pettus v.
Morgenthau*, 554 F.3d 293, 300 (2d Cir. 2009).

Similarly, the claims against Ray must be dismissed for
lack of personal involvement. Plaintiff names Ray as a defendant
in the caption of his Complaint, but never pleads a single fact to
suggest his involvement or mentions Ray in the facts of the
Complaint. "[W]here the complaint names a defendant in the caption
but contains no allegations how the defendant violated the law or
injured the plaintiff, a motion to dismiss the complaint in regard
to that defendant should be granted." *Wilson v. City of New York*,
No. 12 Civ. 3021 (JMF), 2013 U.S. Dist. LEXIS 124686, at *8
(S.D.N.Y. Aug. 30, 2013) (quoting *Dove v. Fordham Univ.*, 56 F.
Supp. 2d 330, 335 (S.D.N.Y. 1999)) (internal quotation marks
omitted); see also *Rivera v. Bloomberg*, No. 11 Civ. 629 (PGG),

2012 U.S. Dist. LEXIS 121686, at *29-30 (S.D.N.Y. Aug. 27, 2012).
Accordingly, Defendants' motion to dismiss the Complaint with
regards to Ray is granted.


*Reynolds Is Entitled To Qualified Immunity*


Qualified immunity is "an immunity from suit rather than
a mere defense to liability." *Spavone v. N.Y. State Dep't of Corr.*,
719 F.3d 127, 133 (2d Cir. 2013) (quoting *Mitchell v. Forsyth*, 472
U.S. 511, 526 (1985) (internal quotation marks omitted) (emphasis
removed from original). It protects government employees from
civil liability where performance of their discretionary functions
does not violate clearly established statutory or constitutional
rights of which a reasonable person should have known, or if the
official reasonably believed that her conduct did not violate those
rights. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Harlow
v. Fitzgerald*, 457 U.S. 800, 818 (1992).


Reynolds actions were objectively reasonable. Plaintiff
pleads that he was employed as "an inmate laundry worker" when
Reynolds opened the slot to Thomas' door. (Compl. ¶ II[D].) It was
reasonable for Reynolds to hold the slot open in order to
facilitate the exchange of laundry. Moreover, Plaintiff has not
alleged that he was afraid of Thomas or made any such fear known

to Reynolds. Given such, it was objectively reasonable for Reynolds to believe her actions were lawful, and Reynolds is entitled to qualified immunity.

## *Plaintiff's Claim For Compensatory Damages Is Barred*

Under section 1997e(e) of the Prison Litigation Reform Act ("PLRA"), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Section 1997e(e) "bars prisoner civil rights suits seeking damages for constitutional violations where the inmate-plaintiff suffers only emotional and mental injury." *Cox v. Malone*, 199 F. Supp. 2d 135, 139 (S.D.N.Y. 2002), *aff'd* 56 F. App'x 43 (2d Cir. 2003) (internal citations omitted). The purpose of the PLRA's physical injury requirement is "to weed out frivolous claims where only emotional injuries are alleged." *Cox*, 199 F. Supp. 2d at 140. In order to recover compensatory damages, a plaintiff must allege that he or she has suffered a physical injury. "Courts have strictly construed this requirement, barring claims by prisoners who demonstrate solely emotional or mental injury." *Petty v. Goord*, No. 00 Civ. 803 (JSR) (FM), 2008 U.S. Dist. LEXIS 38975, at *17 (S.D.N.Y. Apr. 22, 2008) (internal quotation marks omitted); *Hudson v. Greiner*,

99 Civ. 12339 (LAP), 2000 U.S. Dist. LEXIS 17913, at *10-12 (S.D.N.Y. Dec. 13, 2000) (dismissing plaintiff's claims of emotional and mental distress pursuant to Fed. R. Civ. P. 12(b)(6) where plaintiff failed to allege physical injury); *Birth v. Pepe*, No. 98 Civ. 1291, 1999 U.S. Dist. LEXIS 13177, at *1-3 (E.D.N.Y. Jul. 21, 1999) (same).

The physical injury complained of must be more than a *de minimis* one. *See Liner v. Goord*, 196 F.3d 132, 135 (2d Cir. 1999); *see also Davis v. N.Y.C. Dep't of Corr.*, No. 10 Civ. 0288 (ALC), 2012 U.S. Dist. LEXIS 140678, at *17 (S.D.N.Y. Sept. 25, 2012) (holding that a *de minimis* injury is not a "cognizable physical harm"); *Price v. City of New York*, No. 11 Civ. 6170 (TPG), 2012 U.S. Dist. LEXIS 123990 (S.D.N.Y. Aug. 30, 2012) (holding that an allegation of "a *de minimis* physical injury . . . is insufficient under the PLRA"); *Edwards v. Horn*, No. 10 Civ. 6194 (RJS) (JLC), 2012 U.S. Dist. LEXIS 30968 (S.D.N.Y. Mar. 8, 2012) ("[T]he [physical] injury complained of must be more than *de minimis* to meet the requirements of § 1997e(e).").

The Complaint alleges that Plaintiff suffers from "severe apprehension of the contraction of HIV, Hepatitis A, Hepatitis B, burning and stinging of the eyes, fear of losing eye sight, emotion[al] and psyc[h]ological damage." (Compl. ¶ III.)

15

The injuries Plaintiff claims, other than burning of the eyes, are emotional injuries. See, e.g., Pierre-Antoine v. City of New York, No. 04 Civ. 6987 (GEL), 2006 U.S. Dist. LEXIS 28963, at *6 (S.D.N.Y. May 10, 2006) (characterizing "general fear or mistrust of police officers" as an emotional injury); Voorhees v. Goord, No. 05 Civ. 1407 (KMW) (HBP), 2006 U.S. Dist. LEXIS 48370, at *27-28 (S.D.N.Y. Feb. 24, 2006) (dismissing plaintiff's argument that "stress," "fear," and "depression" were physical injuries under the PLRA). Plaintiff cannot recover for these alleged injuries under the PLRA. The physical injury Plaintiff alleges is "burning and stinging of the eyes" (Compl. ¶ III), which is a de minimis injury. See Coleman v. City of New York, No. 07 Civ. 1051 (CM), 2010 U.S. Dist. LEXIS 9827, at *14 (S.D.N.Y. Feb. 2, 2010) (describing "temporary burning to [plaintiff's] eyes" as "transitory and de minimis"). Plaintiff is thus barred from seeking compensatory damages as he has pleaded no cognizable injuries under § 1997e(e).

## The Claims Against the DOC Is Dismissed

DOC is an agency of the City of New York and lacks an independent legal existence. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties

16

for the violation of any laws shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter § 396. "[A]s an agency of the City of New York, the DOC is not a suable entity." *White v. Vance*, No. 10 Civ. 6142 (NRB), 2011 U.S. Dist. LEXIS 67799, at *14 (S.D.N.Y. June 21, 2011). Accordingly, the claims against DOC is dismissed.

## Conclusion

Based on the conclusions set forth above, the Complaint is dismissed. Plaintiff is granted leave to replead within 20 days.

It is so ordered.

New York, NY
May /4 , 2013

ROBERT W. SWEET
U.S.D.J.